Ferdinand Leonard **MANUHUTU**, Petitioner,

v.

Michael B. **MUKASEY**, Attorney General, Respondent.

No. 06–71038.

United States Court of Appeals, Ninth Circuit.

ed by 9th Cir. R. 36–3.

Submitted Dec. 17, 2008.*

Filed Dec. 26, 2008.

Ebby S. Bakhtiar, Livingston Bakhtiar, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Keith Ian McManus, Esq., U.S. Department of Justice, Civil Division, Washington, D.C., for Respondent.

Before: GOODWIN, WALLACE, and RYMER, Circuit Judges.

## MEMORANDUM **

Ferdinand Leonard Manuhutu, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum and withholding of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir.2003), and we deny in part and dismiss in part the petition for review.

The BIA denied Manuhutu's asylum application as time barred. Manuhutu does not challenge this finding in his opening brief.

Substantial evidence supports the IJ's denial of withholding of removal. Manuhutu did not experience any problems in the past, and, even if the disfa-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

vored group analysis set forth in *Sael v. Ashcroft*, 386 F.3d 922, 927–29 (9th Cir. 2004) applies to Christian Indonesians seeking withholding of removal, Manuhutu failed to demonstrate a clear probability of future persecution if he returns to Indonesia. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1184–85 (9th Cir.2003). We lack jurisdiction to consider Manuhutu's contention that he is eligible for withholding of removal because of the potential harm in Indonesia to his United States citizen daughter because he failed to exhaust it before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004).

**PETITION FOR REVIEW DENIED** in part; **DISMISSED** in part.